UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NITA EARSLEY AN INDIVIDUAL,<br><br>    Plaintiff,<br><br>    vs.<br><br>STATE FARM INSURANCE COMPANY; AND MICHAEL BOLINGER, as an individual and as an agent of STATE FARM INSURANCE COMPANY,<br><br>    Defendants. | NO. 2:22-CV-01379-JHC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 26(a)(2) |

This matter comes before the Court on Defendants' Motion to Exclude Plaintiff's Expert Witnesses for Failure to Comply with Fed. R. Civ. P. 26(a)(2). Dkt. # 12. The Court has considered the materials filed in connection with the motion, the rest of the case file, and the applicable law. Being fully advised, for the reasons below, the Court GRANTS the motion.

ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFF'S EXPERT WITNESSES FOR FAILURE TO
COMPLY WITH FED. R. CIV. P. 26(a)(2)  - 1
(Case No. 2:22-CV-01379-JHC)

Federal Rule of Civil Procedure 26(a)(2)(D) requires parties to disclose their expert witnesses "at the time and in the sequence that the court orders." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *see Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to."). For experts "retained or specially employed to provide expert testimony in the case," a party's disclosure must include the expert's signed report with "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them," among other requirements. Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff failed to comply with Rule 26(a)(2)(B) with respect to the five expert witnesses at issue. *See* Dkt. # 13 at 2 and Exh. D. Plaintiff appears to counter the assertion that she failed to so comply. *See* Dkt. 14. In doing so, she cites attachments to her counsel's declaration. *Id.* But that declaration includes no such attachments. Dkt. # 15. Further, that declaration acknowledges that Plaintiff failed to submit timely expert reports. *Id.* at 2.

Under Rule 37(c), "If a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). District courts have "wide latitude" under Rule 37(c) to issue sanctions when a party violates Rule 26. *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or

harmless." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). And contrary to Plaintiff's contention, no meet and confer requirement applies to Defendants' motion. *See* Fed. R. Civ. P. 37(c).

Plaintiff does not provide substantial justification for the missed deadline. While the Court appreciates counsel's apparently candid explanation, a party cannot "avoid accountability for negligent acts or omissions of his counsel." *Comm. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Plaintiff does say that one expert, Lynn Martin, closed her practice as a result of the pandemic; but Plaintiff provides little detail, rendering it impossible for the Court to assess diligence. *Cf.* LCR 7(j) ("A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline."); Dkt. # 14 at 1 (Plaintiff's request for a "grace period to produce reports"). Nor would it be harmless to deny the present motion. The Court is reluctant to reward Plaintiff, for missing a deadline, by giving her experts the advantage of reviewing the defense expert reports before they prepare their own. *See Lefay v. Lefay*, 2014 WL 6473725, at *6 (E.D. Cal. Nov. 18, 2014) ("where one[] party's expert has the benefit of reviewing an opposing party's expert report before having to prepare his or her own, there necessarily is prejudice"). And the Court declines to cram discovery related to the five experts at issue into the time period remaining in the pretrial schedule.

For these reasons, the Court GRANTS the motion and excludes these expert witnesses: Matthew Stevenson, Oscar Benitez, Virtaj Singh, Christina Tapia, and Lynne Martins.

ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFF'S EXPERT WITNESSES FOR FAILURE TO
COMPLY WITH FED. R. CIV. P. 26(a)(2) - 3
(Case No. 2:22-CV-01379-JHC)

The Court is mindful that, "[g]enerally speaking, treating physicians are excused from [the written report requirement of Rule 26(a)(2)]." *Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011).  But "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)." *Id.* at 819–20. The Ninth Circuit has held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that [their] opinions were formed during the course of treatment." *Id.* at 826.  This order does not affect the ability of any of Plaintiff's treating physicians to testify about opinions formed during the court of treatment.

Dated this 18th day of July, 2023.

_____
JOHN H. CHUN
UNITED STATES DISTRICT COURT JUDGE